IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-02-351 |
| | § | |
| HECTOR RUBIO, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR REDUCED SENTENCE**

On January 28, 2008, this Court received a letter motion from Defendant Hector Rubio, which was docketed as received on February 5, 2008. (D.E. 94.) In it, Rubio asks that he be given a reduction in his sentence. He first provides background information regarding his case, including an allegation that he was "plagued with inadequate representation" from his attorneys in the case, and a summary of his plea negotiations with the United States. (D.E. 94 at 1.) He then discusses his rehabilitative efforts and good conduct while incarcerated. (D.E. 94 at 2.) He requests that the Court give him a "second chance" and release him from prison. (D.E 94 at 3.) He states that the Court should provide this relief for the well being of his family. (D.E. 94 at 3.)

As discussed herein, the Court construes his motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

Rubio was convicted after a jury trial held on March 26, 2004. (D.E. 58.) On

1

June 9, 2003, the Court sentenced Rubio to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. The Court also imposed a $1,000 fine and a $100 special assessment. (D.E. 63, 65; D.E. 69, Sentencing Transcript at 5.) Final judgment was entered on June 15, 2003. (D.E. 65.)

Rubio timely appealed and the Fifth Circuit affirmed. (D.E. 64, 80.) On January 24, 2005, the Supreme Court granted Rubio's petition for writ of certiorari, vacated the judgment of the Fifth Circuit and remanded Rubio's case to the Fifth Circuit in light of United States v. Booker, 543 U.S. 220 (2005). Rubio v. United States, 543 U.S. 1103 (2005). On remand, the Fifth Circuit concluded that Rubio had not raised a Booker claim on direct appeal and that he could not show plain error in the Court's sentencing. The appellate court thus issued an unpublished opinion reinstating its prior opinion. (D.E. 82.) Rubio again filed a petition for writ of certiorari, but the Supreme Court denied the petition on October 11, 2005. (D.E. 83.) He subsequently filed a motion pursuant to 28 U.S.C. § 2255 (D.E 84), which this Court denied on April 25, 2007 (D.E. 92, 93.) The instant motion followed.

## II. ANALYSIS

### A. Characterization of Motion

At the outset, the Court is tasked with determining how to construe Rubio's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Notably, although Rubio has alleged that his counsel was inadequate, he has not referenced 28 U.S.C. § 2255. Instead, he is asking for

a reduction in sentence based on his rehabilitation while incarcerated and because of the burden that his incarceration is placing on his family.

Even if he had styled his motion as a § 2255 motion, moreover, the Court could not consider it. As noted, Rubio has already filed a § 2255 motion and his current claims of ineffective assistance of counsel could have been raised in that motion. Thus, the instant motion would be a "second or successive" § 2255 motion and he has not obtained permission from the Fifth Circuit to file it. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Absent such permission, this Court would not have jurisdiction to consider his motion, even if it were construed as a § 2255 motion.

Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.      Motion for Reduced Sentence**

Having determined that Rubio's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined

in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Rubio fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence and his letter motion is DENIED.

### III. CONCLUSION

For the foregoing reasons, Rubio's letter motion for a reduced sentence (D.E. 94) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 23rd day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE